IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE T. COLER, )<br>    Plaintiff, )<br>vs. )<br>)<br>COUNTESS VLANDAMIR, )<br>    Defendant. ) | No. 3:07-CV-2054-K (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

In December 2007, while housed in the Dallas County Jail, plaintiff filed the instant civil action against Countess Vlandamir. (Compl. at 1.) He alleges that after he rented defendant his property and equipment, she stole his bookstore, tried to blackmail him, and committed fraud. (*Id.* at 3-4.) In an effort to flesh out the jurisdictional basis for this action, the Court mailed him a Magistrate Judge's Questionnaire (MJQ).[1] In an answer to the MJQ, he indicates that federal jurisdiction exists over this action because defendant prevented him from operating his bookstore and committed mail fraud by opening his mail. (*See* Answer to Question 2 of MJQ.) The Court has granted plaintiff permission to proceed *in forma pauperis* in this action. No process has been issued in this case.

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, plaintiff asserts no viable federal statutory or constitutional basis for this suit against defendant. Although plaintiff filed this action on a standard form used for actions commenced pursuant to 42 U.S.C. § 1983, he indicates in his answer to Question 2 of the MJQ that jurisdiction is not premised on § 1983.[2] He instead contends that federal jurisdiction exists because defendant prevented him from operating his bookstore and committed mail fraud by opening his mail. While mail fraud may subject one to criminal prosecution, *see* 18 U.S.C. § 1341, a violation of a criminal statute provides no jurisdictional basis for a civil action, *see Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). That defendant may have prevented plaintiff from operating his bookstore by theft or fraud likewise provides no federal jurisdictional basis for this action. Plaintiff's claims simply do not appear to arise under federal law.

---

[2] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Had plaintiff indicated that he premised jurisdiction on § 1983, the Court would have found that he failed to state a claim upon which relief could be granted under § 1983 because nothing suggests that defendant deprived plaintiff of any constitutional right under color of state law.

To the extent plaintiff has claims against defendant, such claims arise under state law. However, federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.[3] Plaintiff provides no facts which indicate that the requirements for diversity jurisdiction exists. Plaintiff lists a Texas address for both himself and defendant. Such addresses indicate a lack of diversity. As the party seeking to invoke this Court's jurisdiction, plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Plaintiff has not carried that burden.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that a federal court dismiss an action if it determines that it lacks jurisdiction over the subject matter. Because it appears that the Court lacks subject-matter jurisdiction, this action should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action for lack of subject-matter jurisdiction.

**SIGNED this 26th day of March, 2008.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Supplemental jurisdiction is unavailable because plaintiff has asserted no claim which provides an independent federal basis for jurisdiction.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE